# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JENNIFER FINLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-11-0513-HE |
| | ) | |
| FARMERS INSURANCE COMPANY INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| MARILYN MALINDA LENOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-11-0514-HE |
| | ) | |
| FARMERS INSURANCE COMPANY INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| MARK JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-11-0529-HE |
| | ) | |
| FARMERS INSURANCE COMPANY INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| SHARON MOJICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-11-0536-HE |
| ) | |
| FARMERS INSURANCE COMPANY ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| JONIE THREATT, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-11-0537-HE |
| ) | |
| FARMERS INSURANCE COMPANY ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| CARTIUS DOWNEY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-11-0588-HE |
| ) | |
| FARMERS INSURANCE COMPANY ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

| | | |
|---|---|---|
| DON HAGER, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | NO. CIV-11-0598-HE |
| | ) | |
| FARMERS INSURANCE COMPANY, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NORMAN LEMONIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-11-0622-HE |
| | ) | |
| FARMERS INSURANCE COMPANY INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| VINCE GARCIA, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | NO. CIV-11-0628-HE |
| | ) | |
| FARMERS INSURANCE COMPANY INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| SHIRLEY JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-11-0678-HE |
| ) | |
| FOREMOST INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| RICHARD WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-11-0679-HE |
| ) | |
| FOREMOST INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| MARK SHEEN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-11-0685-HE |
| ) | |
| FOREMOST INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

These cases, removed from state court on the basis of diversity jurisdiction, all involve breach of contract and bad faith claims asserted against Farmers Insurance Company ("FICO") and Foremost Insurance Company ("Foremost").[1] Plaintiffs allege Farmers

---

[1]*The court will refer to the defendants simply as "Farmers."*

4

mishandled insurance claims they submitted for property damage resulting from storms in Oklahoma in 2009 and 2010. Plaintiffs have moved to remand, arguing that Farmers is a citizen of Oklahoma because it has its principal place of business in this state and that diversity jurisdiction therefore does not exist.[2] The cases were transferred to the undersigned judge for purposes of resolving the citizenship issue. As the matter could not be resolved on the basis of the parties' briefs,[3] an evidentiary hearing was held on August 4, 2011, to determine whether the parties are diverse.

"The burden of persuasion for establishing jurisdiction, of course, remains on the party asserting it." Hertz Corp. v. Friend, ___ U.S. __, ___ , 130 S.Ct. 1181, 1194 (2010). As defendants removed the actions, they had to show by a preponderance of the evidence that federal jurisdiction exists. At the conclusion of the hearing, the court concluded defendants had met their burden.

The Supreme Court recently clarified the meaning of the phrase "principal place of business," as used in 28 U.S.C. § 1332. The court concluded it is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz, 130 S.Ct. at 1193. The corporation's "nerve center" should "normally be

---

[2]*A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff did not dispute that FICO is incorporated in Kansas and Foremost is incorporated in Michigan.*

[3]*In Hertz Corp. v. Friend, ___ U.S. __, ___ , 130 S.Ct. 1181, 1195 (2010) the Supreme Court "reject[ed] suggestions such as ... that the mere filing of a form like the Securities and Exchange Commission's Form 10–K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'"*

5

the place where the corporation maintains its headquarters." *Id.*

Plaintiffs argued that Farmers' nerve center is in Oklahoma because that is where a large portion of its operations occur – its Help Point Claims Center, which provides support to over 10 million policy holders nationwide and employs over 1500 workers, is located in Oklahoma City.[4] However, the focus under <u>Hertz</u> is not where the bulk of a company's work is done, but the actual "center of overall direction, control and coordination." *Id.* at 1194.

Through the testimony of Edwin Burgos, senior corporate counsel for Farmers Group Inc. and assistant secretary for both FICO and Foremost, and defense Exhibit 3, defendants established that the "nerve center" for FICO is located in either Kansas or California.[5] Mr. Burgos testified that FICO has twelve principal officers who, with one exception,[6] work in either California or Kansas and conduct and oversee corporate business out of those two states. None of FICO's seven directors reside in Oklahoma. FICO lists its Olathe, Kansas office as its principal place of business on its Articles of Incorporation. Defense Exhibit 1.

Mr. Burgos' unrefuted testimony, combined with defense Exhibit 4, also demonstrated that Foremost's principal place of business is located in Michigan. Ten of Foremost's

---

[4]*Defendants established at the hearing that the call center in Oklahoma City is owned by Farmers Insurance Exchange ("FIE"). It provides services for FIE and its subsidiaries, which include Farmers Insurance Company, Inc. and Foremost Insurance Company.*

[5]*The Supreme Court stated in <u>Hertz</u> that a corporation's nerve center "is a single place." Id. at 1193. While it was not clear whether FICO's principal place of business is in California or Kansas, defendants established that the company's nerve center is not in Oklahoma. That is sufficient to allow the court to determine whether the parties are diverse for purposes of subject matter jurisdiction.*

[6]*One officer resides in Oklahoma, but works out of Pennsylvania.*

6

eighteen officers reside in Michigan, with the others living in California, Florida and Ohio. Those officers, he testified, direct and control corporate operations from the state of Michigan. None of Foremost's directors are located in Oklahoma. Six reside in California and one lives in Michigan. Foremost's Articles of Incorporation specifies that "its principal office for the transaction of business" is in Michigan. Foremost's response, Defendant's Exhibit 4, Doc. #24-4.

In <u>Hertz</u> the Supreme Court expressly rejected the argument Plaintiffs advanced here – that the jurisdictional determination is based on the public's view of the company's principal place of business.[7] The "nerve center" test the Court adopted " points courts in a single direction, towards the center of overall direction, control, and coordination." <u>Hertz</u>, 130 S.Ct. 1194. As defendants' uncontested evidence established that FICO's and Foremost's highest level officers work and make corporate decisions in Kansas, California and Michigan, the defendants' nerve centers or principal places of business are in those states, not Oklahoma. Because the parties are of diverse citizenship the court denied plaintiffs' motions to remand.

At the conclusion of the hearing defendants indicated they might seek an award of the attorney's fees and costs they incurred in conjunction with plaintiffs' motions to remand. Defendants were instructed, if they decide to pursue fee requests, to file their motions and

---

[7]*Although the Court recognized that "the use of a 'nerve center test may in some cases produce results that seem to cut against the basic rationale for 28 U.S.C. § 1332," it concluded that was "the price the legal system must pay to avoid overly complex jurisdictional administration while producing the benefits that accompany a more uniform legal system." <u>Hertz</u>, 130 S.Ct. at 1194*

7

supporting briefs within seven days. Plaintiffs then have seven days to respond.

Accordingly, the motions to remand in each of the captioned cases are **DENIED.** The court will retain jurisdiction over all the cases for the limited purpose of deciding the attorney's fees issue, if necessary. Subject to the reserved fee issue, the following cases are hereby transferred to the originally assigned judges:

> To the Honorable Lee R. West:
> Jones v. Farmers Insurance Company, Inc., CIV-11-529-HE
> Downey v. Farmers Insurance Company, Inc., CIV-11-588-HE
> Sheen v. Foremost Insurance Company, CIV-11-685-HE
>
> To the Honorable Vicki Miles-LaGrange;
> Mojica v. Farmers Insurance Company, Inc., CIV-11-536-HE
> Threatt v. Farmers Insurance Company, Inc., CIV-11-537-HE
>
> To the Honorable Stephen Friot
> Jackson v. Foremost Insurance Company, CIV-11-678-HE
>
> To the Honorable David L. Russell
> Warren v. Foremost Insurance Company, CIV-11-679-HE

All other cases not so transferred remain with undersigned pursuant to the original assignment of cases.

**IT IS SO ORDERED**.

Dated this 5th day of August, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE